

Thomas B. Slocum, Esq.
400 Crossing Boulevard
8th Floor
P.O. Box 5933
Bridgewater, NJ 08807
T: 908-722-0700
F: 908-722-0755

*Direct Dial: 908-252-4249*
*Email: tslocum@norris-law.com*

October 24, 2025

<u>**Via Electronic Filing**</u>
Hon. Jamel K. Semper, USDJ
United States District Court
Martin Luther King, Jr. Federal Courthouse
50 Walnut Street
Newark, NJ 07102

        RE:    Hadron Master Fund, et al. v. Tingo Group, Inc.
                 Case No. 25-8009

Dear Judge Semper:

      This law firm represents Plaintiffs Hadron Master Fund, Hadron Master Fund Series II, Michael Leslie Cohen, and Gabriel David ("Plaintiffs") in the above-referenced matter. Currently pending before Your Honor is Plaintiffs' application via Order to Show Cause for the appointment of a receiver as to Defendant Tingo Group, Inc. ("Tingo").

      Plaintiffs are writing to Your Honor to again respectfully request that the Court enter the Order appointing the receiver on the papers, pursuant to the default provision set forth in the July 22, 2025 Order to Show Cause. ECF No. 10 at ¶ 5. At a minimum, Plaintiffs respectfully request that the Court schedule a hearing on the Order to Show Cause so Plaintiffs may be heard as to their application.

      The Court entered the Order to Show Cause approximately three months ago. In the time since, various persons – not named as parties to this litigation – have asserted that there is a likely tender offer for Tingo and that the requested receivership would jeopardize that offer.

      Plaintiffs do not believe the purported tender offer is even a remote possibility, let alone a genuine reason to delay the receivership. As set forth in Plaintiff's initial Order to Show Cause application, Tingo's operations have been exposed as virtually completely fraudulent. See ECF 1, Verified Complaint at ¶¶ 48 – 70. The individual behind these frauds, Tingo CEO Odogwu Banye Mmobuosi, is the subject of a federal criminal indictment. ECF 1, Verified Complaint at Ex. B.

      The prospect that a genuine multi-million-dollar tender offer will ever be made for this Company is simply implausible. The Securities and Exchange Commission ("SEC") filed a Civil Complaint against Mmobuosi and several Tingo entities on December 18, 2023, a true and correct copy of that Complaint being attached hereto as **Exhibit A**, which lays this fact bare.



**Norris McLaughlin, P.A.**

Hon. Jamel K. Semper, USDJ
October 24, 2025
Page 2

In that Complaint, the SEC observed that:

> The scope of the [Tingo] fraud is staggering. Since 2019, Defendants have booked billions of dollars' worth of fictitious transactions through two Nigerian subsidiary companies Mmobuosi founded and controls, reporting hundreds of millions of dollars of non-existent revenues and assets. For example, Tingo Group's FY 2022 Form 10-K filed in March 2023 reported a cash and cash equivalent balance of $461.7 million residing in Tingo Mobile's Nigerian bank accounts. Authentic bank records for the same accounts, however, show a balance of less than $50 for that period.

Ex. A at ¶ 2.   With respect to one of Tingo's purported ventures, Tingo Mobile, the SEC further noted that:

> In reality, virtually no component of this claimed business was real. The false expenses contained in the bank accounts represent billions of dollars' worth of purchases of handsets that Tingo Mobile has never made. And the false receipts represent sales of these never acquired handsets (and the applications supposedly run on them) to customers who do not exist.

Id. at ¶ 90.

There is simply no reason to believe that any prospective investor, purchaser, or bidder could possibly genuinely find Tingo an attractive acquisition or prospect.

Furthermore, none of the information provided to the Court to date by any of the non-party shareholders who have submitted letters provides any substance to the claimed tender offer.  Even the heavily redacted letter from the potential purchaser itself, submitted as an exhibit to the Porzio Bromberg firm's letter of October 15, 2025, ECF 22, provides virtually no detail or facts that would lead to the conclusion that the tender offer is legitimate, rather than a stall tactic from non-parties who do not wish to see Tingo in receivership.  Most notably, there has never been any proof of funds provided, showing that the money for the intended purchase is held in escrow or otherwise available.

Plaintiffs deserve the opportunity to see their interests vindicated by the receiver.  Indeed, the receiver's potential actions and claims to recoup funds may be subject to statutes of limitations, which continue to run while this matter is delayed.

As such, Plaintiffs respectfully request that Your Honor enter the receivership Order by default, as allowed in Paragraph 5 of the July 22, 2025 Order to Show Cause.  At a minimum, Plaintiffs respectfully request that Your Honor schedule this matter for a hearing so Plaintiffs may be heard on their application for the receivership.

Plaintiffs thank Your Honor for your attention and consideration of this matter.  Should Your Honor have any questions about the foregoing, I can be available to address them.

**Norris McLaughlin, P.A.**

Hon. Jamel K. Semper, USDJ
October 24, 2025
Page 3

                                            Respectfully submitted,

                                            NORRIS McLAUGHLIN, P.A.

                               By:  /s/ *Thomas B. Slocum*
                                           Thomas B. Slocum, Esq.

TBS:mc
Enclosure

cc:      Christopher P. Mazza, Esq. (Via Email)